UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID JOSEPH,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID ROBRAHN,<br><br>    Defendant. | Case No. 1:13-cv-00428-CWD<br><br>**ORDER RE: OBJECTION TO DEPOSITION TESTIMONY OF DEFENDANT** |

  The issue presented to the court on the eve of trial is whether Defendant David Robrahn may offer his own deposition testimony into evidence in lieu of in-person testimony at the time of trial. Plaintiff objects to such use of Defendant's deposition testimony. (Dkt. 56.)[1] After reviewing the parties' submissions on the issue (Dkt. 56, 58), the record of this action, and the applicable law, the Court will sustain the objection.

  Plaintiff deposed Defendant on March 10, 2014, during the discovery period. Mr. Robrahn indicated he resided in Ketchum, Idaho. Presently, Robrahn is in Australia, and has been there since January of 2015. The first any participant in this matter, including the Court, knew Robrahn would not appear for trial was during the pretrial conference, held on July 21, 2015.

---

[1] The Court will determine the matter without oral argument, as the issue is adequately presented in the written submissions, and trial commences at 9:30 a.m. on Monday, August 3, 2015. Dist. Idaho L. Rule 7.1(d).

**ORDER - 1**

Although Defendant sets forth examples of situations where recorded testimony is allowable in lieu of live testimony at the time of trial under Fed. R. Civ. P. 32 and the rules of evidence,[2] the circumstances of the proffer here do not fit among those situations. There is a burden of establishing "unavailability" that Defendant fails to meet. *United States v. Dick Pacific/Ghemm Joint Venture*, No. A03–290–CV(JWS), 2005 WL 3047864 (D. Alaska Nov. 10, 2005) ("In any federal trial court a party cannot offer its own witness' substantive testimony by deposition unless the witness is dead or otherwise unavailable within the meaning of Rule 32(a)(3)"); Garcia-Martinez v. City and County of Denver, 392 F.3d 1187, 1191 (10th Cir. 2004) ("The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a).").

First, the Court understands the unavailability of Mr. Robrahn is due to personal reasons that purportedly are keeping him in Australia, despite the fact that he is alive and well and was previously advised of the trial date in this matter. He is the defendant, not a third party witness, and no trial deposition was requested by his counsel or taken prior to Defendant leaving Idaho. And, neither Plaintiff nor the Court was advised of the purported unavailability of Defendant until the pretrial conference. *See Garcia-Martinez*, 392 F.3d at 1191-92 (where plaintiff brought about his own absence from trial by choosing to leave the country, plaintiff was not eligible to invoke Rule 32(a); plaintiff

---

[2] Rule 32(a)(4) constitutes a recognized exception to the hearsay rule; if testimony of an unavailable witness is properly admitted under Rule 32(a)(4), it need not also meet the requirements for admissibility under Rule 804(b). *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 913 (9th Cir. 2008).

ORDER - 2

made "scant effort to make other arrangements to appear temporarily for trial or to make himself available for remote testimony.").

Second, even if Defendant could somehow establish unavailability (rather than choosing not to appear for trial as the case appears to be), Defendant cannot, under Rule 804 of the Federal Rules of Evidence, successfully convert rank hearsay into statements of a party opponent. Robrahn's deposition testimony is hearsay. Fed. R. Evid. 801(c). The deposition testimony consists of statements that Robrahn did not make while testifying at the trial, and will be offered to prove the truth of the matters asserted. An exception to the rule prohibiting hearsay is when the declarant is "unavailable." Fed. R. Evid. 804. The declarant, in this case Robrahn, must first meet the criteria in Rule 804(a) for being unavailable as a witness. The applicable rule here is that he is "absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means" to procure his attendance. But, the rule just stated is not applicable "if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying." Fed. R. Evid. 804(a)(5).

Here, the statement's proponent is Defendant himself. There has been no showing that, other than for purely personal financial reasons, Defendant cannot otherwise be procured to attend his own trial. Second, the exception to the application of 804(a) applies. Here, the proponent of the statement (Defendant) has procured his own unavailability as a witness. Robrahn knew the date of trial, voluntarily left the United States, and chose not to return. *See Vevelstad v. Flynn*, 230 F.2d 695, 702 (9th Cir. 1956)

ORDER - 3

(finding no abuse of discretion in refusal to allow admission of deposition testimony of defendant who voluntarily left the country before trial).

Defendant argues incorrectly that Fed. R. Evid. 801(d)(2) allows for introduction of his deposition. But, application of Rule 801(d)(2) requires that the out of court statement be "offered *against* an opposing party." Here, Defendant is the party attempting to offer his own statements into evidence; he is not offering recorded statements of the party opponent (i.e., plaintiff). Only Plaintiff may offer, if he chooses to do so, recorded statements made by Defendant during Defendant's deposition. This is true whether Defendant is present at trial or not. Defense counsel will therefore be prohibited from referring to the statements of his client at any time (unless offered by Plaintiff and admitted), including in his opening statements, as they constitute inadmissible hearsay.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Plaintiff's Objection to Defendant's use of his deposition testimony at trial (Dkt. 56) is **SUSTAINED**.

Dated: **July 31, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

ORDER - 4